milton 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-244-CR





CLARENCE RAY BIDDY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 5977, HONORABLE JOE CARROLL, JUDGE



 





PER CURIAM


 In a jury trial, appellant was found guilty of the offense of aggravated assault on
a peace officer and sentenced to five years imprisonment and a fine of $1,000.00. Tex. Pen. Code
Ann. § 22.02(2) (1989). Appellant brings one point of error: "The trial court erred in overruling
appellant's objection to State's Exhibit Number 2, the arrest reports of the witness Byron Ball on
the ground that such reports were irrelevant to any issue before the jury." We will overrule the
point of error and affirm the judgment of conviction.

 The conviction for assault grew out of a melee involving numerous persons and two
police officers. The record shows that at trial, there was extensive testimony, unobjected to by
the defense, concerning Mr. Ball's behavior at the time of the melee, including the details of his
arrest. Appellant contends that the admission of the actual arrest records violated Tex. Rule Cr.
Evid. Ann. 401 (Supp. 1990) in that it was irrelevant. Appellant contends that the trial court
conceded the records were irrelevant by saying, upon the offer and objection, that "[i]f it's just
irrelevant, I'll admit it, if there's no prejudicial value as far as you see, Mr. Martin."

 Whether the report was relevant or not, its admission could not have caused harm. 
If an error is harmless beyond a reasonable doubt, the case will not be reversed. Tex. R. App.
P. Ann. 8(b)(2) (Supp. 1990). The improper admission of evidence is harmless when evidence
of the same facts is admitted without objection. Montelongo v. State, 681 S.W.2d 47, 56 (Tex.
Cr. App. 1984); Brasfield v. State, 600 S.W.2d 288, 296 (Tex. Cr. App. 1980), overruled in part
on other grounds, Janecka v. State, 739 S.W.2d 813, 819 (Tex. Cr. App. 1987). Several
witnesses testified to the same facts as shown in the arrest records. Therefore, error, if any, is
harmless.

 We affirm the judgment of conviction.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed:  May 8, 1991

[Do Not Publish]